UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONDRA K. BROWN,

       Plaintiff,

v.

                                      File No. 1:14-CV-647

                                      HON. ROBERT HOLMES BELL

BANK OF AMERICA CORPORATION,
et al.,

       Defendants.
_____/

## OPINION

       Plaintiff Sondra K. Brown filed an action in the Circuit Court for the County of Allegan, Michigan on April 8, 2014 against Bank of America Corporation, Bank of America Home Loans Servicing, L.P., Bank of America N.A., and Bank of New York Mellon Corp. Plaintiff claims she is not a debtor in relation to anyone on the property. She seeks to quiet title and a declaratory judgment discharging the mortgage and determining that Defendants have no interest in her home insurance policy. This matter is before the Court on Defendants' motion to dismiss. (ECF No. 9). For the reasons stated below, Defendants' motion is granted in part and denied in part.

**I.**

       The following facts are taken from allegations contained in the complaint and in the summaries contained in the parties' briefs.

       Plaintiff's ex-husband Christopher Brown purchased property located at 45 Blue Star Highway, South Haven, Michigan, 49090 on August 4, 2004. On July 27, 2005, Plaintiff and Christopher Brown executed a Home Equity Credit Line Agreement for a loan from America's

Wholesale Lender. Plaintiff executed the note as a non-borrower. Plaintiff and Christopher Brown secured the agreement by granting a mortgage to Mortgage Electronic Registration System ("MERS"). Both Plaintiff and Christopher executed the mortgage. MERS recorded the mortgage on August 18, 2005.

The couple divorced in November 2005, and Christopher Brown quit claimed his interest in the property to Plaintiff. On March 23, 2011, Christopher Brown filed for Chapter 7 bankruptcy in the Northern District of Ohio Bankruptcy Court, Case No. 11-31495-maw.

On January 5, 2012, MERS assigned the mortgage to "Bank of New York Mellon fka The Bank of New York as Successor Trustee to JPMorgan Chase Bank., N.A., as trustee for the Noteholders of the CWHEQ Inc., CWHEQ Revolving Home Equity Loan Trust, Series 2005-L" ("BNYM"). The assignment was recorded on January 12, 2012. Bank of America, N.A. ("BANA") (a subsidiary of Bank of America Corporation) is the purported servicer of the loan.

In September 2012, Plaintiff purchased a homeowner's insurance policy from Farm Bureau General Insurance Company. Bank of America Home Loans Servicing, LP ("BAC Home Loan Servicing") (a subsidiary of BANA) is included as an additional interest on the insurance policy. In April 2013, Plaintiff's home on the property burned down.

On April 8, 2014, Plaintiff filed an action in the Circuit Court for the County of Allegan, Michigan against Defendants Bank of America Corporation, BANA, BAC Home Loan Servicing, and BNYM.

Defendants removed the case to federal court on June 16, 2014. This Court denied Plaintiff's motion to remand.

## II.

Defendants have moved to dismiss based on the sufficiency of the pleadings, under Federal Rules of Procedure 12(b)(1) and 12(b)(6). In reviewing such an attack under Rule 12(b)(1), "a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

A Rule 12(b)(6) motion to dismiss requires the Court to "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but the Court "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). Under the federal notice pleading standards, a complaint must contain "a short and plain statement of the claim showing how the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Plaintiff must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "A claim is plausible on its face if the 'plaintiff pleads factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 677), *cert. denied*, 132 S. Ct. 1583 (2012).

The Court may consider the complaint in its entirety, documents referenced in the complaint and pleadings, matters of public record, and matters of which a court may take judicial notice. *Tellabs, Inc. V. Makor Issues & Rights, Ltd.* 551 U.S. 308, 323 (2007).

### III.

#### A.

Count I of Plaintiff's complaint is a quiet title claim. Plaintiff requests a discharge of the mortgage for want of an enforceable debt obligation and declaratory judgment providing that Defendants have no legal right, title, or interest in the property. (Compl. ¶ 24). Defendants argue that Count I should be dismissed because Plaintiff cannot identify any reason that she is entitled to the property free and clear of the mortgage to which she agreed. (Defs.' Mot. Dismiss 6, ECF No. 10).

Plaintiff must allege her superior ownership interest in the property to establish a quiet title claim. The complaint must allege

    (a) the interest the plaintiff claims in the premises;
    (b) the interest the defendant claims in the premises; and
    (c) the facts establishing the superiority of the plaintiff's claim.

M.C.R. § 3.411(B).

Here, Plaintiff alleges she obtained the property by her ex-husband's quitclaim deed, which was recorded on December 19, 2005. (Compl. Ex. 2). Plaintiff admits that she and her ex-husband granted a mortgage to Defendants as security for the Home Equity Credit Line, but she

4

disputes that Defendants' interest is enforceable because "Defendants have still failed to provide any evidence that they were also assigned the indebtedness securing the mortgage." (Pl. Opp'n to Defs.' Mot. Dismiss, 6, ECF No. 13).

The Michigan Supreme Court has squarely addressed this question and rejected Plaintiff's argument in *Residential Funding Co., L.L.C., v. Saurman*, 805 N.W.2d 183, 183-184 (Mich. 2011). In *Saurman*, the plaintiffs secured repayment of their loans by executing a mortgage agreement in favor of MERS, solely as nominee for the lender. *See Residential Funding Co, L.L.C. v. Saurman,* 807 N.W.2d 412, 423 (Mich. Ct. App. 2011) (Wilder, P.J., dissenting). When the plaintiffs defaulted, MERS initiated foreclosure proceedings. *Id.* Plaintiffs challenged the foreclosure on the basis that the lender, not MERS, owned the indebtedness secured by the mortgage. *Id.* The Michigan Supreme Court recognized that "MERS' status as an owner of an interest in the indebtedness does not equate to an ownership interest in the note. Rather, as record-holder of the mortgage, MERS owned a security lien on the properties, the continued existence of which was contingent upon the satisfaction of the indebtedness." *Saurman*, 805 N.W.2d at 183 (quotations omitted). The mortgage granted to MERS gave MERS the right to act on behalf of the lender to cancel or release the debt, as well as foreclose under MCL 600.3204(1)(d). *Saurman*, 807 N.W.2d at 350. Furthermore, a mortgage assigned to MERS as nominee for the lender is valid and assignable. *See Stafford v. Mortg. Elec. Registration Sys., Inc.*, No. 12-10798, 2012 WL 1564701, at *2 (E.D. Mich. May 2, 2012).

*Saurman* clearly establishes the validity of Defendants' interest in the property. Plaintiff granted MERS a mortgage on the property and agreed that

> MERS (as nominee for Lender and Lender's successors and assigns) has the right to

>exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Poperty, and to take any action required of Lender including, but not limited to, releasing or canceling this mortgage.

(Compl. Ex. 2). MERS assigned the mortgage to BNYM on January 5, 2012 and recorded the conveyance on January 12, 2012. (ECF No. 10, Ex. 5). Defendant BNYM has produced a clear chain of title to the mortgage. Mr. Brown's discharge of personal debt in bankruptcy did not dispose of the valid mortgage on Plaintiff's property. *See Tidwell v. Dasher*, 393 N.W.2d 644, 646 (Mich. Ct. App. 1986) ("[T]he law seems quite clear that a discharge in bankruptcy does not affect a lien of a mortgage, as a discharge is no bar to a subsequent foreclosure but only relieves the discharged bankrupt from personal liability on the obligation.") Therefore, Plaintiff cannot state a plausible claim to quiet title as to Defendant BNYM.

As to Defendants Bank of America Corporation, BANA, BAC Home Loan Servicing, Plaintiff has alleged that BAC Home Loan Servicing claims to service the loan. (Compl. ¶ 15). She also alleges that she is not a debtor to BAC Home Loan Servicing, and their inclusion on her home insurance policy was done without her knowledge or permission. (*Id.*, ¶ 28-29; Pl.' Mot. Remand 3, ECF No. 11). She submitted a qualified written request to Bank of America to dispute the amount owed on the loan and to request information about the terms of the loan, pursuant to her rights under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). (ECF No. 10, Exh. 9). In their motion to dismiss, Defendants failed to provide evidence of their right to service the loan or to collect payments in connection with the loan. Although Defendants produced Plaintiff's qualified written request, they have not alleged that they have taken any action with respect to the inquiry as 12 U.S.C. § 2605(e)(2) requires. Therefore, Plaintiff has stated a plausible claim that her interest in the property is superior to Defendant Bank of America

6

Corporation, BAC Home Loan Servicing, and BANA.

**B.**

Count II of Plaintiff's complaint requests a declaratory judgment that Defendants have no right, title, or interest to the property nor interest in Plaintiff's Farm Bureau Homeowners Insurance Policy. (Compl, ¶ 32). The Court has authority to "declare the rights and other legal relations of an interested party seeking a declaratory judgment" "[i]n a case of actual controversy within its jurisdiction." MCR 2.605.

For the reasons discussed above, Defendant BNYM has a valid interest in the property as mortgage-holder. BNYM also has an interest in the proceeds of the homeowner's insurance, as the Browns expressly agreed in the mortgage:

> (c) INSURANCE: We will keep the building(s) on the Premises insured at all times against loss by fire, flood, and any other hazards you may specify. . . . The policies must name you as "mortgagee" and "loss-payee" so that you will receive payment on all insurances, to the extent of your interest under this Mortgage, before we do. . . In the event of loss or damage to the Premises, we will immediately notify you in writing and file a proof of loss with the insurer. . . . You may also sign our name to any check, draft or other order for the payment of insurance proceeds in the event of loss or damage to the Premises. If you receive payment of a claim, you will have the right to choose to use the money either to repair the Premises or to reduce the amount owing on the Note.

(ECF No. 10, Exh 3). Therefore, Plaintiff cannot state a plausible claim of relief as to Defendant BNYM.

As to Defendants Bank of America Corporation, BANA, and BAC Home Loan Servicing, Plaintiff states a plausible claim that Defendants have no interest in her property or home insurance proceeds, for the reasons stated above.

IV.

For the reasons stated above, plaintiff has not stated a plausible claim for relief against Defendant BNYM, but has as to Defendants Bank of America Corporation, BANA, BAC Home Loan Servicing. Defendants' Motion to Dismiss (ECF No. 9) will be granted in part and denied in part. An order consistent with this opinion will be entered.


Dated: September 19, 2014          /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   UNITED STATES DISTRICT JUDGE